VENABLE LLP
Brett A. Garner (State Bar No. 215043)
BAGarner@venable.com
Tamany V. Bentz (State Bar No. 258600)
TJBentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-229-9900
Facsimile: 310-229-9901

William A. Hector (State Bar No. 298490)
WAHector@venable.com
Spear Tower, 40th Floor
One Market Plaza
1 Market Street
San Francisco, CA 94105
Telephone: 415-653-3750
Facsimile: 415-653-3755

Attorneys for Plaintiff loanDepot.com, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOANDEPOT.COM, LLC d/b/a IMORTGAGE, Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>HOME LOAN GUARANTEE, LLC d/b/a/ IMORTGAGE LENDING, Arizona Limited Liability Company<br><br>Defendant. | Case No.: 8:15-cv-571<br><br>COMPLAINT FOR:<br><br>1.    Violation of the Lanham Act, 15 U.S.C. § 1125(a);<br>2.    Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);<br>3.    Common Law Trademark and Trade Name Infringement;<br>4.    Unfair Competition and Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200, *et seq.*; and<br>5.    Common Law Unfair Competition<br><br>DEMAND FOR JURY TRIAL |

Plaintiff loanDepot.com, LLC doing business as imortage ("Plaintiff" or "imortgage"), for its Complaint against Defendant Home Loan Guarantee, LLC doing business as iMortgage Lending and iMortgagelending.com ("Defendant" or "iMortgage Lending"), alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin, false advertising, and cybersquatting under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; trademark infringement and unfair competition under California common law; and unfair competition under California state law.

## THE PARTIES

2. Plaintiff loanDepot.com, LLC, doing business as imortage, is a Delaware limited liability company with a principal place of business at 26642 Towne Center Drive, Foothill Ranch, California 92610. imortgage is in the business of providing lending services.

3. imortgage owns various servicemarks including, but not limited to, U.S. Registration Nos. 2,702,858, 3,719,751, 3,768,594, 3,716,663 and U.S. Serial No. 86/385,555 as well as common law rights in the IMORTGAGE mark (collectively, the "imortgage Marks").

4. imortgage owns the registration for the domain name, www.imortgage.com, and operates a website located at www.imortgage.com.

5. Upon information and belief, Defendant Home Loan Guarantee, LLC, doing business as iMortgage Lending and iMortgagelending.com ("Defendant" or "iMortgage Lending"), is an Arizona limited liability company with a principal place of business at 24672 N. 109th Street Scottsdale, Arizona 85255.

6. Upon information and belief, while not affiliated with imortgage in any manner whatsoever, iMortgage Lending is engaged in the business of

residential lending services, which is substantially similar to imortgage's business of providing lending services.

7. Upon information and belief, iMortgage Lending offers residential lending services online at websites hosted using at least the following infringing domain name: www.imortgagelending.com.

8. Upon information and belief, iMortgage Lending is infringing the imortgage Marks by offering residential lending services at least through its infringing website: www.imortgagelending.com.

9. As set forth below, iMortgage Lending's adoption of the name "IMORTGAGE LENDING" as a service name and as part of their domain name infringes Plaintiff imortgage's protected trademark rights and violates federal and state law.

## JURISDICTION AND VENUE

10. This action arises under the Trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and under California Business and Professions Code § 17200 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

11. Personal jurisdiction is proper within this judicial district because, upon information and belief, Defendant transacts business in California, significant by the nature and/or quantity of the commercial activity, through the Internet, and specifically its website located at www.imortgagelending.com, which is interactive and available worldwide, including within this judicial district. Upon information and belief, iMortgage Lending is also licensed to conduct business in this District.

12. Venue is proper within the Central District of California under 28 U.S.C. §1391(b) and General Order No. 349-A of the Central District of California because a substantial portion of the events or omissions giving rise to the claims occurred here. Upon information and belief, iMortgage Lending is

licensed to conduct business in this District, and iMortgage Lending offers its services within the Central District of California at least through its website www.imortgagelending.com, which is interactive and available to consumers in this judicial district. Consumers within this judicial district are likely to be confused by iMortgage Lending's willful, infringing misconduct.

## GENERAL ALLEGATIONS

13. imortgage has offices across the United States. Through its consistent and continuous common law usage of IMORTGAGE, imortgage established common law rights in the IMORTGAGE mark.

14. imortgage has been developing and prospering, due to its excellent reputation for its services related to mortgage lending. In its more than 15-year existence, imortgage has become well-known among consumers and provides its services to thousands of consumers.

15. imortgage was originally imortgage.com, Inc., founded in 1999, provided lending services as a licensed mortgage company to customers in the United States.

16. By at least 2000, imortgage.com, Inc. was marketing its services to consumers in several states, including locations in Arizona and California.

17. imortgage.com, Inc. was acquired by loanDepot.com, LLC in 2013, which to this day does business as imortgage.

18. imortgage currently markets its services in California, Arizona, and various other states.

19. Due to its continuous common law usage of the IMORTGAGE mark, imortgage has established common law rights in the IMORTGAGE mark in several states, including California and Arizona, with a first use date no later than January 2000.

1  20. imortgage owns the following Federal Registered Servicemarks and Federal Servicemark Application (collectively the "imortgage Federal Servicemarks"):

a. Registration No. 2,702,858 for the "IMORTGAGE.COM" design plus words servicemark in International Class 36 "mortgage lending services for residential home loans," which was first used at least as early as August 1999.

b. Registration No. 3,719,751 for the "IM IMORTGAGE" design plus words servicemark in International Class 36 "mortgage lending services for residential home loans," which was first used at least as early as January 2009.

c. Registration No. 3,768,594 for the "IM IMORTGAGE" design plus words servicemark in International Class 36 "mortgage lending services for residential home loans," which was first used at least as early as January 23, 2009.

d. Registration No. 3,716,663 for the "IM" design plus letters servicemark in International Class 36 "mortgage lending services for residential home loans," which was first used at least as early as January 2009.

e. Serial No. 86/385,555 for the "IMORTGAGE" standard character servicemark in International Class 36 "mortgage lending services for residential home loans," which was first used at least as early as August 1999.

21. The common law mark IMORTGAGE was originally used by an entity IMORTGAGE.COM, INC.  And the Servicemark Registration Nos. 2,702,858; 3,719,751; 3,768,594; and, 3,716,663 were filed by and originally used by IMORTGAGE.COM, INC.  IMORTGAGE.COM, INC. used theses marks in commerce until IMORTGAGE.COM, INC. was acquired by loanDepot.com, LLC in 2013.  As part of the acquisition, ownership of the common law mark IMORTGAGE and the Servicemark Registration Nos. 2,702,858, 3,719,751, 3,768,594, and 3,716,663 was assigned from IMORTGAGE.COM, INC. to loanDepot.com, LLC in September 2013.  loanDepot.com, LLC continues to use the imortgage Marks.

22. In 1997, Plaintiff registered the domain name www.imortgage.com, and has operated a website found at that domain name since that time (the "imortgage Website").

23. The imortgage Website has and continues to display one or more of the imortgage Marks and advertises its home financing, mortgage lending, and other services.

24. Upon information and belief, Defendant registered as Home Loan Guarantee, LLC in the state of Arizona in or around December 2011.

25. Upon information and belief, on or around November 21, 2012, Defendant registered the domain name, www.imortgagelending.com ("Defendant's Domain Name" or the "Infringing Domain Name"), over 10 years after Plaintiff's first use of the IMORTGAGE mark in California, Arizona and other states.

26. Upon information and belief, Defendant's Domain Name points or resolves to a website that promotes itself as "imortgage lending" and offers Home Loan Products including FHA loans, VA loans, conventional loans, jumbo loans, USDA loans, and HomePath loans over the Internet (the "Infringing Website").

27. Upon information and belief, Defendant began doing business as "imortgage lending" as early as December 2011, over 10 years after Plaintiff's first use of the IMORTGAGE mark in California, Arizona and other states.

28. Upon information and belief, the Infringing Website was not active until as late as December 2013.

29. The Infringing Website displays the imortgage Marks or confusingly similar marks, including designs using identical font for "imortgage" following a similar graphic of a house.

30. Upon information and belief, the Infringing Website is an interactive website that allows customers to apply for various types of home loan products, including residential loans for real property in California.

31. The Infringing Website states the "iMortgagelending.com website and the contents and services provided herein are available only in regards to real property in all fifty states." The Infringing Website, at http://www.imortgagelending.com/views/licenses&disclosures.php, indicates certain complaints regarding the Defendant's service be directed to the California Department of Corporations in Los Angeles, CA, which is within this District, or other locations.

32. Plaintiff's IMORTGAGE mark is distinctive and was distinctive at the time of Defendant's acquisition of the Infringing Domain Name and subsequent use of the Infringing Website, both of which are confusingly similar to www.imortgage.com and the imortgage Marks.

33. Upon information and belief, the Infringing Domain Name has been used with the bad faith intent to profit from the goodwill of Plaintiff's imortgage Marks, and Defendant has no justification for its acquisition and use of the Infringing Domain Name and Infringing Website.

34. Upon information and belief, the Infringing Domain Name and Infringing Website were and continue to be maintained in bad faith with the intent to cause harm to Plaintiff, to profit from the imortgage Marks, and to cause confusion among the consumers seeking home lending services.

35. Defendant's willful and unauthorized use of marks that are confusingly similar to Plaintiff's imortgage Marks to promote the sales of its services, which are confusingly similar to Plaintiff's services, through *at least* the Infringing Domain Name and Infringing Website, is likely to cause consumer confusion as to the affiliation, connection or association with Plaintiff.

36. Defendant's deliberate, willful and unauthorized use of Plaintiff's imortgage Marks to promote the sales of its services, which are nearly identical to Plaintiff's services, is likely to cause further future consumer confusion or mistake as to Defendant's affiliation, connection or association with imortgage.

37. Upon information and belief, consumers are likely to be confused, mistaken or deceived as to the source of Defendant's services and will buy those services on the assumption that they were provided or offered for sale by Plaintiff.

38. Upon information and belief, Defendant has marketed, offered for sale, and sold its services through *at least* the Infringing Domain Name and Infringing Website, and has obtained and continues to obtain substantial profits from such sales, because of its infringement of the imortgage Marks.

39. By using the Infringing Domain Name and operating the Infringing Website, Defendants are making use of the imortgage Marks without the consent, approval or authority of imortgage.

40. Defendant's actions have caused and will further cause imortgage irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, Defendant will continue and/or expand its unlawful activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to imortgage by, among other things:

   a. Depriving imortgage of its statutory rights to use and control the usage of its imortgage Marks;

   b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of imortgage's services and Defendant's services;

   c. Causing the public to falsely associate imortgage with Defendant or vice versa;

   d. Causing incalculable and irreparable damages to imortgage's goodwill and diluting the capacity of its imortgage Marks to differentiate imortgage's services from the services of others; and

   e. Causing imortgage to lose sales.

41.     Accordingly, in addition to other relief sought, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant and all persons acting in concert therewith.

42.     On December 18, 2014, imortgage sent a letter to iMortgage Lending regarding the infringement of imortgage's Marks. iMortgage Lending substantively responded to this letter on February 6, 2015, and denied any trademark infringement. iMortgage Lending continues to use imortgage's trademark to promote its services on the Infringing Website.

## FIRST CLAIM FOR RELIEF

### Violation of Lanham Act § 43(a)

### (15 U.S.C. § 1125(a))

### Trademark Infringement, False Designation of Origin and Unfair Competition

43.     Plaintiff hereby incorporates and realleges herein paragraph nos. 1 through 42 by reference.

44.     This cause of action is for infringement of Plaintiff's imortgage Marks as listed above at least by way of false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

45.     Defendant is willfully trading upon and is appropriating to itself the reputation and valuable goodwill of Plaintiff by using marks confusingly similar to Plaintiff's imortgage Marks.

46.     Defendant's activities have caused and are causing consumers to be confused, mistaken, and/or deceived as to the nature of the source or affiliation of the services connected with imortgage.

47.     Defendant's activities are likely to cause consumers within this judicial district and elsewhere to be confused, mistaken, and/or deceived as to the nature of the source or affiliation of services connected with iMortgage Lending,

and have deceived, or are likely to deceive, a substantial portion of the consuming public.

48. Defendant's conduct is in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), and imortgage is entitled to injunctive relief and to monetary damages in an amount as yet undetermined but to be proven at trial.

49. Plaintiff has no adequate remedy at law, and Defendant's infringement, unfair competition, false designation of origin and related confusion, mistake and deception will cause Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed, unless and until Defendant's use is enjoined by this Court pursuant to 15 U.S.C. § 1116.

50. Defendant's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))
### Acquisition and Use in Bad Faith

51. Plaintiff hereby incorporates and realleges herein paragraph nos. 1 through 50 by reference.

52. This cause of action is for cybersquatting under 15 U.S.C. § 1125(d).

53. As a result of its continuous use of the term "IMORTGAGE" in commerce as a domain name (www.imortgage.com), Plaintiff has established strong common law servicemark rights in and to that mark.

54. Plaintiff also owns various Federal servicemarks and a servicemark application – the imortgage Federal Servicemarks discussed herein.

55. Plaintiff's imortgage Marks are distinctive and were distinctive at the time of Defendant's acquisition of the www.imortgagelending.com Infringing Domain Name and first use of the Infringing Website, and continues to be distinctive.

56. The Infringing Domain Name and Infringing Website are confusingly similar to Plaintiff's imortgage Marks.

57. The Infringing Domain Name and Infringing Website have been and continue to be used with the bad faith intent to profit from the goodwill of Plaintiff's imortgage Marks.

58. Defendant has no justification for its acquisition of the Infringing Domain Name and continuing use of the Infringing Website.

59. The Infringing Domain Name was and is maintained in bad faith with the intent to cause harm to Plaintiff, to profit from the imortgage Marks, and to cause confusion among the relevant purchasing consumers.

60. Examples of Defendant's previous, ongoing and continuous bad faith intent include, but are not limited to:

    a. The Infringing Domain Name is confusingly similar to Plaintiff's imortgage Marks.

    b. The Infringing Domain Name is used to attract consumers looking for imortgage and divert them to Defendant's Infringing Website.

61. On information and belief, Consumers have been and continue to be confused by Defendant's use of IMORTGAGE LENDING.

62. Plaintiff has been and continues to be injured by Defendant's willful conduct.

63. Defendant's conduct is in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and as such, Plaintiff is entitled to

COMPLAINT

have the Infringing Domain Name, www.imortgagelending.com, transferred to it pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

### THIRD CLAIM FOR RELIEF

**(Common Law Trademark and Trade Name Infringement)**

64. Plaintiff hereby incorporates and realleges herein paragraph nos. 1 through 63 by reference.

65. This cause of action is for infringement of Plaintiff's IMORTGAGE mark.

66. By virtue of having used, and continuing to use, IMORTGAGE in connection with its services, Plaintiff has acquired common law rights in the IMORTGAGE mark.

67. Defendant's use of IMORTGAGELENDING and IMORTGAGE LENDING infringes Plaintiff's common law rights in IMORTGAGE and is likely to cause confusion, mistake or deception among consumers, who will believe that Defendant's services are offered by, affiliated with, or endorsed by Plaintiff when, in fact, they are not.

68. Defendant's use of IMORTGAGELENDING and IMORTGAGE LENDING has, on information and belief, been with knowledge of Plaintiff's prior rights to IMORTGAGE, and therefore comprises willful infringement.

69. As a direct and proximate result of Defendant's infringement of Plaintiff's common law trademark rights in IMORTGAGE, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

### FOURTH CLAIM FOR RELIEF

**Unfair Competition and Unfair Business Practices**
**Under Cal. Bus. & Prof. Code § 17200** *et seq.*

70. Plaintiff hereby incorporates and realleges herein paragraph nos. 1 through 69 by reference.

71. Defendants' actions, including, but not limited to, the use of IMORTGAGELENDING and IMORTGAGE LENDING with Defendant's commercial activities, constitute unfair competition, including unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising, all in violation of California Business and Professions Code §§ 17200 *et seq.* and of Plaintiff's rights.

72. Without limitation, Defendant's actions have caused, and in the future are likely to cause, confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendant's services, thereby causing loss, damage, and injury to imortgage and to the public. Without limitation, Defendant knew that their conduct was likely to cause imortgage harm.

73. imortgage believes, and therefore alleges, that Defendant has deprived it of money or property by diverting traffic to its own websites instead of to imortgage.

74. As a direct and proximate result of Defendant's unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*, Defendant has unjustly traded on imortgage's goodwill, has unjustly enriched itself, and has received revenues and profits in an amount that imortgage will prove at trial. Accordingly, imortgage is entitled to an accounting and disgorgement of any profits of Defendant.

75. As a direct and proximate result of Defendant's unfair competition, imortgage has suffered and will continue to suffer irreparable harm. Defendant threatens to continue to deliberately engage in unfair competition as set forth above and, unless restrained and enjoined, will do so, all to imortgage's irreparable

damage. imortgage's remedy at law is not by itself adequate to compensate imortgage for the harm inflicted and threatened by Defendant, and imortgage will continue to suffer irreparable harm unless this Court enjoins Defendant. imortgage therefore seeks injunctive relief.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

76. Plaintiff hereby incorporates and realleges herein paragraph nos. 1 through 75 by reference.

77. Defendants' use of the Infringing Domain Name and the IMORTGAGELENDING and IMORTGAGE LENDING names in connection with its services is confusingly similar to imortgage's use of its imortgage Marks. imortgage has invested substantial time, skill, and money in developing its common law marks. Defendant misappropriated such marks without imortgage's authorization or consent, and Defendant's conduct has caused, and in the future is likely to cause, confusion, mistake or deception among purchasers, Internet users (including those in the state of California) and the public as to the source, origin, affiliation, sponsorship or quality of Defendant's services, and is likely to confuse consumers, Internet users and the public into believing that imortgage is the source or sponsor of Defendant's services in violation of the common law of the state of California. These actions cause loss, damage and injury to imortgage and to the purchasing public.

78. Defendants' registration of the Infringing Domain Name, and use of the Infringing Domain Name and the term "iMortgage Lending" in connection with their services all violate imortgages's rights, is misleading and deceptive, and constitutes common law unfair competition.

79. As the direct and proximate result of such unlawful actions, imortgage has suffered and continues to suffer damages in an amount that imortgage will prove at trial.

13

COMPLAINT

80. As a direct and proximate result of Defendant's unfair competition, imortgage has suffered and will continue to suffer irreparable harm. Defendant threatens to continue infringing imortgage's rights as set forth above and, unless the Court restrains and enjoins Defendant, Defendant will continue to do so. imortgage's remedy at law is not by itself adequate to compensate imortgage for the harm inflicted and threatened by Defendant, and imortgage will continue to suffer irreparable harm unless this Court enjoins Defendant. imortgage thus seeks injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enters judgment as follows:

1. Defendant has unfairly competed with Plaintiff in violation of Plaintiff's rights under 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(d) and California common law and that such unfair competition has been willful and deliberate;

2. Defendant, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendant, or any of them, be enjoined and restrained preliminarily and permanently from:

    a. Marketing, displaying, advertising, promoting, selling or offering for sale any service using Plaintiff's imortgage Marks or confusingly similar marks, and any colorable imitations thereof;

    b. Using any word, term, name or symbol or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its services with Plaintiff, as to the origin of Defendant's services, any false designation of origin, or false or misleading description or representation of fact;

    c. Further infringing the rights of Plaintiff's imortgage Marks or otherwise damaging Plaintiff's reputation or goodwill; and

    d. Otherwise unfairly competing with Plaintiff in any manner;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

  e. Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

  3. An Order that the registrar for the Infringing Domain Name transfer this domain name to Plaintiff;

  4. An award of Plaintiff's actual damages and lost profits in an amount to be proven at trial;

  5. An award of compensatory, consequential, statutory, exemplary and punitive damages to Plaintiff in an amount to be determined at trial;

  6. An award trebling Plaintiff's damages for the willful and deliberate acts complained of herein;

  7. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

  8. An award of any such other relief, award or remedy, legal or equitable, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury on all claims and issues triable by jury.

Dated: April 10, 2015    VENABLE LLP

          By: /s/Tamany Vinson Bentz
            Brett A. Garner
            Tamany Vinson Bentz
            William A. Hector
          Counsel for Plaintiff loanDepot.com, LLC